UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| JESUS AGUIRRE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 22-2853-SHM-tmp |
| | ) | |
| STATE OF TENNESSEE, MEMPHIS POLICE DEPARTMENT, G. BULAK, and J. SHARMAN, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

**ORDER MODIFYING THE DOCKET;
GRANTING AGUIRRE'S MOTION TO AMEND (ECF NO. 12);
DISMISSING THE CONSOLIDATED COMPLAINT (ECF NOS. 1 & 12) WITH
PREJUDICE IN PART AND WITHOUT PREJUDICE IN PART;
GRANTING LEAVE TO AMEND THE CLAIMS DISMISSED WITHOUT PREJUDICE;
AND DENYING ALL OTHER PENDING MOTIONS (ECF NOS. 9, 11, 14 & 15)**

On December 12, 2022, Plaintiff Jesus Aguirre filed a *pro se* complaint under 42 U.S.C. § 1983 (ECF No. 1) and a motion for leave to proceed *in forma pauperis* (ECF No. 2). When Aguirre filed the complaint, he was confined at the Shelby County Jail (the "SCJ"), in Memphis, Tennessee. (ECF No. 1 at PageID 1.) Aguirre remains confined at the SCJ. (*See* ECF No. 14-1 at PageID 38.) On December 16, 2022, the Court granted leave to proceed *in forma pauperis*. (ECF No. 7.) On December 30, 2022, January 13, 2023, and June 21, 2023, Aguirre filed motions seeking appointment of counsel. (ECF Nos. 9, 11 & 15 (collectively, the "Motions Seeking Counsel").) On February 23, 2023, Aguirre filed a motion to amend the complaint. (ECF No. 12 (the "MTA").) On April 14, 2023, Aguirre filed a motion to compel discovery. (ECF No. 14 (the "MTC").)

The complaint alleges that Officer G. Bulak and Officer J. Sharman (collectively, the "Individual Defendants") of the Memphis Police Department (the "MPD") "falsely accused" Aguirre on July 31, 2022 of: intentionally evading arrest; reckless driving; driving with a suspended license; and violating vehicle registration law (collectively, the "Charges"). (ECF No. 1 at PageID 4.) Aguirre alleges no facts to support his claims. Aguirre instead quotes 42 U.S.C. § 1983. (*Id*. at PageID 4-5.) Aguirre sues: (1) the State of Tennessee Police Department; (2) G. Bulak; and (3) J. Sharman. (*Id*. at PageID 1.) Aguirre sues the Individual Defendants in their official and individual capacities. (*Id*. at PageID 2.) Aguirre seeks: (1) release from confinement; (2) two million dollars ($2,000,000.00) in punitive damages; (3) ten thousand dollars ($10,000.00) from Bulak; and (4) ten thousand dollars ($10,000.00) from Sharman. (*Id*. at PageID 6.)

The MTA seeks to add a claim of racial discrimination against the Individual Defendants. (ECF No. 12 at PageID 24.) To the extent the MTA seeks to amend the complaint to add a claim of racial discrimination, the MTA (ECF No. 12) is GRANTED. For purposes of screening Aguirre's claims under § 1983 pursuant to the Prison Litigation Reform Act, 28 U.S.C. §§ 1915, *et seq*. (the "PLRA"), the Court CONSOLIDATES the complaint (ECF No. 1) and the MTA (ECF No. 12) as the "Consolidated Complaint."

The Clerk shall MODIFY the docket to add these Defendants: (1) the State of Tennessee; (2) the Memphis Police Department; and (3) the City of Memphis, Tennessee. (*See* ECF No. 1 at PageID 1-2.)

Before the Court are: (1) the Consolidated Complaint (ECF Nos. 1 & 12); (2) the Motions Seeking Counsel (ECF Nos. 9, 11 & 15); and (3) the MTC (ECF No. 14).

For the reasons explained below: (1) the Consolidated Complaint (ECF Nos. 1 & 12) is DISMISSED WITH PREJUDICE IN PART and DISMISSED WITHOUT PREJUDICE IN

PART; (2) leave to amend the claims dismissed without prejudice is GRANTED; (3) the Motions Seeking Counsel (ECF Nos. 9, 11 & 15) are DENIED; and (4) the MTC (ECF No. 14) is DENIED.

## I.    LEGAL STANDARD

The Court must screen prisoner complaints and dismiss any complaint, or any portion of it, if the complaint —

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint states a claim on which relief may be granted, the Court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Under those standards, the Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). The Court does not assume that conclusory allegations are true, because they are not "factual," and all legal conclusions in a complaint "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Federal Rule of Civil Procedure 8 provides guidance on this issue. Although Rule 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," it also requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

Courts screening cases accord more deference to *pro se* complaints than to those drafted by lawyers. "*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383

(quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)).  *Pro se* litigants are not exempt from the requirements of the Federal Rules of Civil Procedure.  *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

## II.    REQUIREMENTS TO STATE A CLAIM UNDER § 1983

Aguirre sues under 42 U.S.C. § 1983.  (ECF No. 1 at PageID 1.)  To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States, and (2) that a defendant caused harm while acting under color of state law.  *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

## III.   ANALYSIS

### A. Claims Against (1) The State Of Tennessee Police Department & (2) The State Of Tennessee

Aguirre sues the State of Tennessee Police Department.  (ECF No. 1 at PageID 1.)

A police department is not a proper defendant in a § 1983 action.  *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994); *Mathes v. Metro. Gov't of Nashville & Davidson Cnty.*, No. 3:10-CV-0496, 2010 WL 3341889, at *2 (M.D. Tenn. Aug. 25, 2010).  Police departments are characterized as "sub-units of the municipalities they serve." *Sargent v. City of Toledo Police Dep't*, 150 F. App'x 470, 475 (6th Cir. 2005).  The Court construes Aguirre's claims against the State of Tennessee Police Department as claims against the State of Tennessee.

Aguirre has no valid claim against the State of Tennessee.  The Eleventh Amendment to the United States Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the

United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI.  The Eleventh Amendment has been construed to prohibit citizens from suing their own states in federal court. *Welch v. Tex. Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 472 (1987); *Pennhurst States Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *see also Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 253 (2011) ("A State may waive its sovereign immunity at its pleasure, and in some circumstances Congress may abrogate it by appropriate legislation.  But absent waiver or valid abrogation, federal courts may not entertain a private person's suit against a State") (citations omitted).  Tennessee has not waived its sovereign immunity, *see* Tenn. Code Ann. § 20-13-102(a), and a state is not a person within the meaning of 42 U.S.C. § 1983, *see Lapides v. Bd. of Regents of the Univ. Sys. of Ga.*, 535 U.S. 613, 617 (2002); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).  Aguirre fails to state a claim to relief against the State of Tennessee as a matter of law.

Aguirre's claims under § 1983 against (1) the State of Tennessee Police Department and (2) the State of Tennessee are DISMISSED WITH PREJUDICE.

    **B.** **Official Capacity Claims Against The Individual Defendants; Claims Against The MPD; Claims Against The City Of Memphis**

Aguirre sues the Individual Defendants in their official and individual capacities.  (ECF No. 1 at PageID 2.)  Aguirre's official capacity claims against the Individual Defendants are construed as claims against the Individual Defendants' employer – the MPD.  *See Jones v. Union Cnty., Tennessee*, 296 F.3d 417, 421 (6th Cir. 2002) (citing *Matthews*, 35 F.3d at 1049).

A "[p]olice [d]epartment is not an entity which may be sued." *Kindle v. City of Jeffersontown, Ky.*, 374 F. App'x 562, 570 (6th Cir. 2010).  Aguirre's claims against the MPD are construed as claims against the City of Memphis. *See generally Hafer v. Melo*, 502 U.S. 21 (1991); *Sargent*, 150 F. App'x at 475.

The City of Memphis may be held liable only if Aguirre's injuries were sustained pursuant to an unconstitutional custom or policy of the City of Memphis. *See Monell v. Dep't. of Soc. Serv.*, 436 U.S. 658, 691-92 (1978).

To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986) (emphasis in original)).

Aguirre does not satisfy the fundamental requirements of *Monell*. The Consolidated Complaint does not describe any policy or custom of the City of Memphis, much less a policy or custom pursuant to which the City of Memphis or the Individual Defendants acted to deprive Aguirre of his constitutional rights.

The Consolidated Complaint's (1) official capacity claims against the Individual Defendants, (2) claims against the MPD, and (3) claims against the City of Memphis are DISMISSED WITHOUT PREJUDICE for failure to allege facts stating a claim to relief.

### C. Claim Of False Arrest Against The Individual Defendants In Their Individual Capacities

Aguirre alleges that the Individual Defendants "falsely accused" him of the Charges. (ECF No. 1 at PageID 4.) The Court construes Aguirre's factual allegations as a claim of false arrest under the Fourth Amendment. *See generally Parsons v. City of Pontiac*, 533 F.3d 492, 500-01 (6th Cir. 2008).

To allege a cognizable claim of false arrest under § 1983, a plaintiff must prove that the arresting officer lacked probable cause to arrest the plaintiff. *Voyticky v. Village of Timberlake, Ohio*, 412 F.3d 669, 677 (6th Cir. 2005). "For a police officer to have probable cause for arrest, there must be 'facts and circumstances within the officer's knowledge that are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense.'" *Crockett v. Cumberland Coll.*, 316 F.3d 571, 580 (6th Cir. 2003) (quoting *Michigan v. DeFillippo*, 443 U.S. 31, 37 (1979)). An arrest made pursuant to a facially valid warrant usually acts as a complete defense to a false arrest claim. *Voyticky*, 412 F.3d at 677 (citing *Baker v. McCollan*, 443 U.S. 137, 143–44 (1979)).

Aguirre alleges no facts demonstrating that the Individual Defendants lacked probable cause for bringing the Charges on July 31, 2022. Aguirre says only that he was "falsely accused" of the Charges, but he alleges no facts supporting his conclusory assertion. There is nothing in the Consolidated Complaint from which the Court can plausibly infer that the Individual Defendants arrested Aguirre on July 31, 2022 without probable cause. *See Grogg v. State*, 2019 WL 386973, at *3 (6th Cir. Jan. 7, 2019) (affirming dismissal of § 1983 false arrest claim because "[plaintiff's] allegations with respect to [his] false-arrest claim were ultimately conclusory") (citing *Iqbal*, 556 U.S. at 678); *Borum v. Williams*, No. 14-cv-2718, 2015 WL 269250, at *4 (W.D. Tenn. Jan. 21, 2015) (dismissing § 1983 false arrest claim where the "vague and conclusory allegations of Plaintiff's complaint d[id] not set forth any facts indicating that, at the time Plaintiff was arrested, Defendants lacked probable cause to believe he had committed a crime").

The Consolidated Complaint's claim of false arrest against the Individual Defendants in their individual capacities is DISMISSED WITHOUT PREJUDICE for failure to allege facts demonstrating a claim on which relief can be granted.

**D. Claim Of Malicious Prosecution Against The Individual Defendants In Their Individual Capacities**

7

To the extent Aguirre's allegation that the Individual Defendants "falsely accused" him of the Charges (ECF No. 1 at PageID 4) can be construed as a claim of malicious prosecution under the Fourth Amendment, Aguirre fails to state a claim to relief. *See Sykes v. Anderson*, 625 F.3d 294, 308 (6th Cir. 2010) (noting that "[t]he Sixth Circuit 'recognize[s] a separate constitutionally cognizable claim of malicious prosecution under the Fourth Amendment,' which 'encompasses wrongful investigation, prosecution, conviction, and incarceration'") (quoting *Barnes v. Wright*, 449 F.3d 709, 715-16 (6th Cir. 2006)).

A claim for malicious prosecution requires a plaintiff to show "that a criminal prosecution was initiated against the plaintiff and that the defendant 'ma[d]e, influence[d], or participate[d] in the decision to prosecute,'" and that the proceedings against them were brought without probable cause. *See Sykes*, 625 F.3d at 308 (citing *Fox v. DeSoto*, 489 F.3d 227, 237 (6th Cir. 2007)); *Voyticky*, 412 F.3d at 675.

The Consolidated Complaint alleges no facts about: the circumstances leading to the Charges; probable cause, if any, for the Charges; the prosecution of Aguirre for the Charges; or the Individual Defendants' role, if any, in any decision to prosecute Aguirre for the Charges. There is nothing in the Consolidated Complaint from which the Court may plausibly infer that the Charges against Aguirre lacked probable cause to justify his arrest or prosecution. Aguirre offers only his conclusory contention that he has been "falsely accused" of the Charges. (ECF No. 1 at PageID 4.)

Aguirre's claim of malicious prosecution against the Individual Defendants in their individual capacities is DISMISSED WITHOUT PREJUDICE for failure to allege facts stating a claim on which relief can be granted.

### E. Claim Of Deprivation Of Equal Protection Against The Individual Defendants In Their Individual Capacities

Aguirre alleges that the Individual Defendants were racially discriminating against him by falsely accusing him of the Charges. (ECF No. 12 at PageID 24.) The Court construes Aguirre's allegation as a claim of deprivation of equal protection of the laws.

Pursuant to the Equal Protection Clause of the Fourteenth Amendment, no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. The Equal Protection Clause directs that all persons similarly situated should be treated alike, prohibiting discrimination by government that burdens a fundamental right, targets a suspect class, or intentionally treats one differently than others similarly situated without any rational basis for the difference. *See, e.g., City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985); *EJS Properties, LLC v. City of Toledo*, 698, F.3d 845, 864 (6th Cir. 2012); *Schellenberg v. Twp. of Bingham*, 436 F. App'x 587, 591 (6th Cir. 2011). "[T]o establish an equal protection violation, a plaintiff must establish more than differential treatment alone – a discriminatory intent or purpose is required." *Maye v. Klee*, 915 F.3d 1076, 1085 (6th Cir. 2019) (citing *Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 264-65 (1977)). To prevail under an equal protection challenge, a claimant "must allege that a state actor intentionally discriminated against the plaintiff because of membership in a protected class." *Deleon v. Kalamazoo Cnty. Rd. Comm'n*, 739 F.3d 914, 918 (6th Cir. 2014). Such allegations must be supported by facts. Merely alleging that an individual's actions were based on membership in a protected class and were "supported by animosity towards [the] plaintiff" who belongs to a different [class] does not suffice. *Nali v. Ekman*, 355 F. App'x 909, 912-13 (6th Cir. 2009).

Aguirre does not allege that: (1) he is a member of a protected class; or (2) the Individual Defendants were motivated to treat Aguirre differently on July 31, 2022 on the basis of Aguirre's membership in a protected class. *See Nali*, 355 F. App'x at 913; *Deleon*, 739 F.3d at 918. Aguirre offers only his unsupported allegation that the Individual Defendants racially discriminated against

9

him.  (ECF No. 12 at PageID 24.)  Aguirre's claim of deprivation of equal protection against the Individual Defendants in their individual capacities is DISMISSED WITHOUT PREJUDICE for failure to allege facts stating a claim to relief.

### F. Claim For Release From Confinement

To the extent Aguirre seeks release from confinement, *see* ECF No. 1 at PageID 6, the Consolidated Complaint fails to state a claim to relief under § 1983 as a matter of law.

For a state prisoner who challenges "the very fact or duration of his physical imprisonment and [who] seeks ... immediate release or a speedier release from that imprisonment, [the] sole federal remedy is a writ of habeas corpus." *Hadley v. Werner*, 753 F.2d 514, 516 (6th Cir. 1985) (quoting *Preiser v. Rodriguez*, 411 U.S. 474, 500 (1973)).  *See also Schilling v. White*, 58 F.3d 1081, 1086 (6th Cir. 1995).  Aguirre's claim for release from confinement seeks relief that is available only through a habeas petition, not under § 1983.

If Aguirre has been convicted, which the Consolidated Complaint does not clearly allege, his claims about that conviction are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).  To recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been: reversed on direct appeal; expunged by executive order; declared invalid by a state tribunal authorized to make such determination; or called into question by a federal court's issuance of a writ of habeas corpus.  A state prisoner has no cause of action under § 1983 if the claims in that action hinge on factual proof that would call into question the validity of a state court order directing his confinement – unless and until any prosecution is terminated in his favor, his conviction is set aside, or the confinement is declared illegal.  *Heck*, 512 U.S. at 481-82.  To the extent Aguirre alleges claims arising from a criminal conviction and incarceration, those claims are barred by *Heck*.

10

If Aguirre's criminal prosecution is ongoing, this Court may not intervene. This Court lacks jurisdiction to exercise authority over state court criminal matters. States have sovereignty within their boundaries for crimes committed there. *See* 18 U.S.C. § 3231. Under the Anti-Injunction Act, 28 U.S.C. § 2283, "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." "The [Anti-Injunction] Act thereby creates 'an absolute prohibition against enjoining state court proceedings, unless the injunction falls within one of three specifically defined exceptions,' which are set forth in the statutory language." *Andreano v. City of Westlake*, 136 F. App'x 865, 879-80 (6th Cir. 2005) (quoting *Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 286 (1970)). Federal injunctions against state criminal proceedings can be issued only "under extraordinary circumstances where the danger of irreparable loss is both great and immediate." *Younger v. Harris*, 401 U.S. 37, 45 (1971); *see also Doe v. Univ. of Kentucky*, 860 F.3d 365, 368 (6th Cir. 2017). Aguirre: (1) does not allege he lacks the opportunity to challenge his prosecution in state court; and (2) does not show the absence of important state interests in prosecuting the charges. Aguirre fails to allege extraordinary circumstances that would permit the Court to interfere in his state criminal proceedings.

The Consolidated Complaint's claim for Aguirre's release from confinement is DISMISSED WITH PREJUDICE for failure to state a claim to relief under § 1983 as a matter of law.

### G. Amendment Under The PLRA

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *Lucas v. Chalk*, 785 F. App'x 288, 291 (6th Cir. 2019) (citing *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[W]e hold, like every other

11

circuit to have reached the issue, that under Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA")); *see also Brown v. R.I.*, 511 F. App'x 4, 5 (1st Cir. 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded"). Leave to amend is not required where a deficiency cannot be cured. *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001) ("This does not mean, of course, that every *sua sponte* dismissal entered without prior notice to the plaintiff automatically must be reversed. If it is crystal clear that ... amending the complaint would be futile, then a *sua sponte* dismissal may stand."); *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that *sua sponte* dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts").

The Court grants leave to amend the Consolidated Complaint's claims dismissed without prejudice, under the conditions set forth below.

**IV.     THE MOTIONS SEEKING COUNSEL**

Aguirre seeks appointment of counsel. He represents that: (1) he is "un[a]bl[e] to afford counsel"; (2) he "has no legal education"; (3) he "has no ability to investigate facts of the case"; (4) "[t]his is a complex case"; and (5) the case "will require discovery of documents." (ECF No. 9 at PageID 9; ECF No. 11 at PageID 19; ECF No. 1-1 at PageID 20-22; ECF No. 15 at PageID 40.)

The Motions Seeking Counsel do not merit the appointment of counsel for Aguirre.

"The court may request an attorney to represent any person unable to afford counsel," *see* 28 U.S.C. § 1915(e)(1), but "[t]here is no constitutional or ... statutory right to counsel in federal civil cases." *Farmer v. Haas*, 990 F.2d 319, 323 (7th Cir. 1993); *accord Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003). The appointment of counsel in a civil proceeding is a privilege

justified only in exceptional circumstances. *Lavado v. Keohane*, 992 F.2d 601, 605–06 (6th Cir. 1993). Appointment of counsel is not appropriate when a *pro se* litigant's claims are frivolous or when his chances of success are slim. *Id*.

The decision to appoint counsel for an indigent litigant in a civil case is a matter vested within the broad discretion of the Court. *Childs v. Pellegrin*, 822 F.2d 1384 (6th Cir. 1987); *see also Lavado*, 992 F.2d at 604-05. To determine whether there are exceptional circumstances, a court examines the pleadings and documents to assess the merits of the claims, the complexity of the case, the *pro se* litigant's prior efforts to retain counsel, and his ability to present the claims. *Henry v. City of Detroit Manpower Dep't*, 763 F.2d 757, 760 (6th Cir. 1985); *see also Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993) ("The key [to determining whether there are exceptional circumstances] is whether the *pro se* litigant needs help in presenting the essential merits of his or her position to the court. Where the facts and issues are simple, he or she usually will not need such help").

Aguirre's claim of indigency (ECF No. 11 at PageID 19) is not the type of exceptional circumstance that warrants the appointment of counsel in a civil case. *See Masciarella v. Newhouse*, No. 20-1206, 2021 WL 1318323, at *6 (W.D. Tenn. Apr. 8, 2021).

The Consolidated Complaint's claims are not complex. Aguirre alleges false arrest, malicious prosecution, and deprivation of equal protection under § 1983, areas of well-settled law.

To the extent Aguirre seeks appointment of counsel because he has "very limited access to legal materials … in punitive segregation" (ECF No. 11-1 at PageID 21), Aguirre's argument is unpersuasive. The complete denial of access to a law library, in the absence of any other form of legal assistance, would constitute a deprivation of Aguirre's right of access to the courts. *See Simmons v. United States*, 974 F.3d 791, 795 (6th Cir. 2020). A total deprivation of access to both legal materials and legal assistance would also constitute exceptional circumstances

justifying appointment of counsel, because that deprivation would completely nullify Aguirre's "ability ... to represent himself." *Lanier*, 332 F.3d at 1006 (quoting *Archie v. Christian*, 812 F.2d 250, 253 (5th Cir. 1987)).

Aguirre does not allege total deprivation of law library access. (*See* ECF No. 11-1 at PageID 21.) He alleges "very limited access to legal materials." (*Id.*) He does not provide the essential facts necessary for the Court to evaluate his claim meaningfully. For example, Aguirre does not allege: (1) the degree of access Aguirre has to the SCJ's law library; (2) how long the "very limited access" has occurred; (3) whether all segregated prisoners, or only Aguirre, have "very limited [law library] access", and if the latter, why Aguirre is being singled out; and (4) whether the SCJ provides access to other forms of legal assistance, such as jailhouse lawyers. These factors are important because prisons may place reasonable restrictions on inmates' access to a law library. Prisons may forgo providing a law library entirely in favor of providing other forms of legal assistance. *Walker v. Mintzes*, 771 F.2d 920, 931-32 (6th Cir. 1985). Absent answers to the foregoing questions, the Court cannot determine whether Aguirre's "very limited access" to legal materials is: (1) a constitutional deprivation; (2) merely the product of reasonable restrictions on law library use; or (3) a choice to replace law library access with other forms of legal assistance.

To the extent Aguirre seeks appointment of counsel because he lacks formal legal training, *see* ECF No. 11 at PageID 19, his argument is unpersuasive. *See Saddozai v. Arqueza*, No. 18-cv-3972, 2022 WL 16824324, at *1 (N.D. Cal. Oct. 7, 2022) (denying motion for reconsideration of order denying appointment of counsel because "circumstances involving … lack of legal knowledge … are not exceptional among prisoner-plaintiffs"); *see also Howard v. Dougan*, No. 99-2232, 2000 WL 876770, at *2 (6th Cir. June 23, 2000) ("The district court had no duty to remedy [Plaintiff's] lack of legal training by appointing counsel, as no constitutional right to

14

counsel exists in a civil case") (citing *Lavado*, 992 F.2d at 605-06). Aguirre's "circumstances [being untrained in the law] are typical to most prisoners." *See Bowers v. Power*, No. 3:17-cv-01599, 2018 WL 1794730, at *2 (M.D. Tenn. Apr. 16, 2018).

Aguirre does not demonstrate exceptional circumstances warranting appointment of counsel. The Motions Seeking Counsel (ECF Nos. 9, 11 & 15) are DENIED WITHOUT PREJUDICE, subject to Aguirre's right to re-file a motion for appointment of counsel if the case proceeds.

## V. THE MTC

The MTC seeks "to require the State of Tennessee to disclose" a broadly-defined collection of information, including but not limited to "information and material in [the State's] possession of any law enforcement agency or officer charged with investigating alleged criminal offenses" and "any and all tangible objects, currency, weapons, books, papers, and documents material to the preparation of the defense or intended by the State for use as evidence." (ECF No. 14 at PageID 31 & 33.)

The MTC does not merit the relief Aguirre seeks.

Aguirre must pursue his discovery requests from Defendants themselves -- and not by Court order. *See*, *e.g.*, Fed. R. Civ. P. 34 ("A party may serve on any other party a request … to produce … any designated documents or electronically stored information …"). Nothing in the record suggests that Aguirre has served discovery requests on any Defendant. No discovery response can be compelled from any Defendants at this time.

The MTC is premature. The instant Order dismisses the Consolidated Complaint with prejudice in part and without prejudice in part for failure to state a claim to relief.

The MTC (ECF No. 14) is DENIED without prejudice, subject to Aguirre's right to re-file the motion to compel if the case proceeds.

## VI.  CONCLUSION

For the reasons explained above:

A. The MTA (ECF No. 12) is GRANTED to the extent Aguirre seeks to add a claim of racial discrimination to the initial complaint (ECF No. 1).

B. The Consolidated Complaint's (ECF Nos. 1 & 12) (1) claims against the State of Tennessee Police Department, (2) claims against the State of Tennessee, and (3) claim for Aguirre's release from confinement are DISMISSED WITH PREJUDICE for failure to state a claim to relief under § 1983 as a matter of law. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

C. The Consolidated Complaint's (ECF Nos. 1 & 12) (1) official capacity claims against the Individual Defendants, (2) claims against the MPD, (3) claims against the City of Memphis, (4) claim of false arrest against the Individual Defendants in their individual capacities, (5) claim of malicious prosecution against the Individual Defendants in their individual capacities, and (6) claim of deprivation of equal protection against the Individual Defendants in their individual capacities (collectively, the "Claims Dismissed Without Prejudice") are DISMISSED WITHOUT PREJUDICE for failure to allege facts stating a claim to relief under § 1983. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

D. Leave to amend the Claims Dismissed Without Prejudice is GRANTED. An amended pleading must be filed within twenty-day (21) days of the date of entry of this Order and must comply with the Federal Rules of Civil Procedure, including but not limited to Rule 8's requirement of a short and plain statement of Aguirre's claims. An amended pleading supersedes the Consolidated Complaint and must be complete in itself without reference to the prior pleadings. Aguirre must sign the amended pleading, and the text of the amended pleading must allege sufficient facts to support each claim without reference to any extraneous document. Any exhibits must be identified by number in the text of the amended pleading and must be attached to the

amended pleading. All claims alleged in an amended pleading must arise from the facts alleged in the Consolidated Complaint. Each claim for relief must be stated in a separate count and must identify each Defendant sued on that count. If Aguirre fails to file an amended pleading within the time specified, the Court will dismiss the Consolidated Complaint with prejudice in its entirety and enter judgment. The Court recommends that any such dismissal should be treated as a strike pursuant to 28 U.S.C. § 1915(g). *See Simons v. Washington*, 996 F.3d 350, 353 (6th Cir. 2021).

IT IS SO ORDERED this 6th day of July, 2023.

/s/ *Samuel H. Mays, Jr.*
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE